1  Janice M. Bellucci, SBN 108911
   (JMBellucci@aol.com)
2  LAW OFFICE OF JANICE M. BELLUCCI
   1215 K Street, 17th Floor
3  Sacramento, CA 95814
   Tel:   (805) 896-7854
4  Fax:   (916) 823-5248

5  Attorney for Plaintiffs

6

7

8              UNITED STATES DISTRICT COURT

9             CENTRAL DISTRICT OF CALIFORNIA

10

11  ALLIANCE FOR CONSTITUTIONAL  )  Case No. 2:18-cv-256
    SEX OFFENSE LAWS, INC.,      )
12  a California non-profit corporation; )
    JOHN DOE #1, an individual;  and )
13  JOHN DOE #2, an individual,  )
                                 )  **COMPLAINT FOR DECLARATORY**
14                               )  **AND INJUNCTIVE RELIEF**
                                 )
15              Plaintiffs,      )
                                 )
16      vs.                      )  **[Claims under the Administrative**
                                 )  **Procedures Act]**
17  DEPARTMENT OF STATE;         )
    REX W. TILLERSON, in his official )
18  capacity as Secretary of State of the )
    United States; and DOES 1 through 10, )
19  inclusive,                   )
                                 )
20              Defendants.      )
                                 )
21  ───────────────────────────

22                     **INTRODUCTION**

23      1.      This is an action under the Administrative  Procedures Act, 5 U.S.C. §§ 551-

24  706 ("APA"), challenging  two legislative  rules issued by Defendant Department of State

25  (the "Department") without the notice and public comment procedures required by the

26  APA.  The rules challenged  herein concern one of the most sensitive and historically

27

28

fraught topics in recent history:  the branding of passports held by a disfavored population – in this case, registered sex offenders ("Registrants").

2.  Never before has this nation stigmatized a class of individuals on a document so foundational to U.S. citizenship.  Nevertheless, a recently enacted federal law, known as the International Megan's Law, or "IML," mandates that the State Department add a "unique identifier" to United States passports issued to certain Registrants.  See 22 U.S.C. § 212b(b).

3.  The IML directs the Department to implement its "Passport Identifier Provision" through the administrative process.  Yet, in the face of this historically unprecedented responsibility, the Department has unlawfully deprived approximately 1 million Registrants of the procedural protections afforded by the APA's notice and comment requirements.  Specifically, for certain final rules issued on September 2, 2016, the Department invoked the statutory "good cause" exemption to the notice and comment procedures, but failed to include the "statement of the reasons" that the APA plainly requires for that exemption.  See 5 U.S.C. § 553(b)(3)(B).  In addition, the Department gave *no* public notice of a second rule governing the critical matters of the form, content, and placement of the passport Identifier.  Instead, the Department announced both the existence and substance of this second rule in a half-page *press release* posted on its website.  See Exhibit A.  Finally, the Department exceeded its statutory authority by denying passport cards to Registrants because the IML provided no such authority to either the Department or any other agency.

4.  The procedural protections of the APA exist so that substantive regulations that impact substantial – and, here, constitutionally protected – rights are not drafted in a proverbial backroom, shielded from the input of individuals who are directly and adversely affected by those rules.  Because the rules challenged herein were promulgated in this fashion, and in violation of the APA, Plaintiffs respectfully request that the rules be enjoined, set aside, and declared null and void.

**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

## JURISDICTION AND VENUE

5.     This Court has subject-matter jurisdiction over the claims asserted herein pursuant to 28 U.S.C. § 1331 (federal question), and is authorized to issue the relief requested herein pursuant to 28 U.S.C. § 2201 (Declaratory Judgment Act) and 5 U.S.C. §§ 702, 705-706 (Administrative Procedures Act).

6.     Venue is proper in this Federal district pursuant to 28 U.S.C. § 1391(e)(1) because this is an action against an agency and an officer of the United States, the Plaintiffs reside in this district, and no real property is involved in this action.

## PARTIES

7.     Plaintiff Alliance for Constitutional Sex Offense Laws, Inc. (or "ACSOL") is a non-profit corporation incorporated and headquartered in this Federal district. ACSOL is dedicated to protecting the Constitution by restoring the civil rights of almost 1 million Registrants in the United States through advocacy, education, and litigation on behalf of them and their families. ACSOL's membership includes individuals who reside in this Federal district and throughout the United States, who are subject to the rules challenged in this action, and who have been injured by Defendants' failure to comply with the APA. ACSOL members possess United States passports, and use their United States passports for purposes that include, but are not limited to, foreign and domestic travel, as well as personal identification in foreign countries and in the United States. In addition, ACSOL's membership includes individuals who do not currently possess a United States passport, but who desire to apply for the issuance of a United State passport, and who would apply for the issuance of a United States passport but for the rules challenged in this action. Neither the claims asserted nor the relief requested in this lawsuit requires the participation of individual ACSOL members.

8.     Plaintiff John Doe #1 is, and was at all times relevant hereto, a citizen of the United States and a resident of this Federal district. Plaintiff John Doe #1 is required to register as a sex offender pursuant to California Penal Code section 290, *et seq.* for an

offense involving a minor, and is therefore a "covered sex offender" within the meaning of the IML and the rules challenged in this action. Plaintiff John Doe #1 is a member of ACSOL who has traveled internationally using his United States passport, and who intends to travel internationally in the near future. The passport currently held by Plaintiff John Doe #1 was issued before the rules challenged herein took effect, and is now out of compliance with those rules. Consequently, pursuant to the IML and the rules challenged in this action, the passport held by Plaintiff John Doe #1 is subject to revocation by the Department at any time, without notice, including while he is traveling internationally.

9.     Plaintiff John Doe #2 is, and was at all times relevant hereto, a citizen of the United States and a resident of this Federal district. Plaintiff John Doe #2 is required to register as a sex offender pursuant to California Penal Code section 290, *et seq*. for an offense involving a minor, and is therefore a "covered sex offender" within the meaning of the IML and the rules challenged in this action. Plaintiff John Doe #2 is a member of ACSOL, and does not currently possess a United States passport. Plaintiff John Doe #2 intends to apply for a passport in the near future, but is discouraged from doing so by the rules challenged in this action.

10.     Plaintiffs ACSOL, John Doe #1, and John Doe #2 are collectively referred to herein as "Plaintiffs."

11.     Defendant Department of State (the "Department") is, and was at all times relevant hereto, an administrative agency of the United States Government, subject to the APA.

12.     Defendant Rex W. Tillerson is sued in his official capacity as the Secretary of State of the United States. Defendant Tillerson heads the Department of State, which issued the regulations challenged in this action.

13.     The true names and capacities of Defendants sued as Does 1 through 10 are unknown to Plaintiffs, who therefore sue such Defendants by fictitious names. Plaintiffs

will seek leave to amend this Complaint, if necessary, to reflect the true names once they have been ascertained.

14.     The Department, Defendant Tillerson, and Does 1 through 10 are collectively referred to herein as "Defendants."

# FACTS

**The IML's Passport Identifier Provision**

15.     On February 8, 2016, the President signed the IML, known officially as the International Megan's Law to Prevent Child Exploitation and Other Sexual Crimes Through Advanced Notification of Traveling Sex Offenders, Pub. L. No. 114-119, 130 Stat. 15 (Feb. 8 2016).

16.     Section 8 of the IML added a new statute to the Chapter of the United States Code that governs the issuance and revocation of United States passports. See Pub. L. No. 114-119, §8, 130 Stat. 15, 24-25. This "Passport Identifier Provision," currently codified at 22 U.S.C. § 212b, imposes new requirements for passports issued to a "covered sex offender." The IML defines "Covered sex offender" as an "individual required to register under the sex offender registration program of any jurisdiction or included in the National Sex Offender Registry, on the basis of an offense against a minor" (hereinafter, "Registrants").[1] The new requirements for passports issued to Registrants are as follows:

> **§ 212b.  Unique passport identifiers for covered sex offenders**
>
> (b)  Authority to use unique passport identifiers.
>
> > (1)  In general.  Except as provided under paragraph (2), **the Secretary of State shall not issue a passport to a covered sex offender unless**

---

[1] The definition of "covered sex offender" for the purposes of the Passport Identifier Provision, 28 U.S.C. § 212b, is currently codified in a separate statute also enacted by the IML, 34 U.S.C. § 21503(f)(2). For ease of reference, this Complaint will refer to "covered sex offenders" as defined by the IML as "Registrants."

**the passport contains a unique identifier, and may revoke a passport previously issued without such an identifier of a covered sex offender**.

. . . .

(c) Defined terms. In this section--

. . .

(2) the term "unique identifier" means any visual designation affixed to a conspicuous location on the passport indicating that the individual is a covered sex offender; and

(3) the term "passport" means a passport book or passport card.

22 U.S.C. § 212b (emphasis added).

17.     Neither the IML nor any other authority authorizes the Department to take other action concerning a Registrant's passport book or passport card.

## The Department Failed to Meet the Deadline for Implementation of the Passport Identifier Provision

18.     Pursuant to the IML, the Passport Identifier Provision was not to take effect until the Secretary of the Department and others certify that the process set forth in Section 9 of the IML has been implemented.  5 U.S.C. § 212b(f).  That process imposed a 90-day deadline upon the Department, as follows:

**SEC. 9.  IMPLEMENTATION PLAN.**

(a) IN GENERAL.—Not later than 90 days after the date of enactment of this Act [*i.e.*, the IML], the Secretary of Homeland Security, the Secretary of State, and the Attorney General shall develop a process by which to implement section 4(e)(5) and the provisions of section 240 of Public Law 110–457, as added by section 8 of this Act [*i.e.*, the Passport Identifier Provision].

(b) REPORTING REQUIREMENT.—Not later than 90 days after the date of enactment of this Act, the Secretary of Homeland Security, the Secretary of State, and the Attorney General shall jointly submit a report to, and shall consult with, the appropriate congressional committees on the process developed under subsection (a), which shall include a description of the proposed process and a timeline and plan for implementation of that process, and shall identify the resources required to effectively implement that process.

IML, Pub. L. No. 114-119, § 9, 130 Stat. 15, 25 (2016).

19.     Thus, pursuant to the IML's 90-day deadline, the Department was required to develop a process for implementing the Passport Identifier Provision, and to submit a report regarding implementation to Congress, no later than May 9, 2016. However, the Department failed to meet this deadline as its Report was not issued until August 26, 2016, nearly four months later. Furthermore, the Report, entitled *Implementation of International Megan's Law to Prevent Child Exploitation and Other Sexual Crimes Through Advanced Notification of Traveling Sex Offenders*, notes that, as of August 26, 2016, the Department had yet to complete the process for implementing the IML's Passport Identifier Provision. Specifically, the Report explains that "[t]he State Department is working on drafting regulations regarding the passport identifier requirement. The State Department plans to complete this process by the end of the fourth quarter of calendar year 2016." *Id*. at 2. The Department's Report did, however, preview the forthcoming rulemaking regarding the physical appearance and placement of the passport identifier in the following statement:

The State Department is making technological modifications to the passport issuance system so that passports may be issued with the unique identifier, which will take the form of a passport endorsement. The State Department projects that this process will be completed in 4 months.

*Id*.

1  **The Department Failed to Comply with the APA When It Issued Its First,**

2  **Incomplete, Rule on September 2, 2016**

3        20.     On September 2, 2016, the Department issued its first rule purporting to

4  implement the Passport Identifier Provision in the Federal Register.  See Final Rule RIN

5  1400-AD97, Public Notice Number 9678, 81 F.R. 60608-09, *amended and corrected by*

6  81 F.R. 66184 (the "September 2016 Rule").  This Rule is the first of two rules

7  challenged in this action.

8        21.     As relevant to the claims in this action, the September 2016 Rule amended

9  22 C.F.R. § 51.60, which contains the Department's regulations governing the "denial,

10 revocation, and restriction" of United States passports.  22 C.F.R. § 51.60 now states:

11      **§ 51.60  Denial and restriction of passports**

12      **(a)  The Department may not issue a passport, except a passport for**

13      **direct return to the United States, in any case in which the Department**

14      **determines or is informed by competent authority that:**

15      **. . .**

16           **(4)  The applicant is a covered sex offender as defined in 22 U.S.C.**

17           **212b(c)(1), unless the passport, no matter the type, contains the**

18           **conspicuous identifier placed by the Department as required by 22**

19           **U.S.C. 212b.**

20      **. . . .**

21      **(g)  The Department shall not issue a passport card to an applicant who**

22      **is a covered sex offender as defined in 22 U.S.C. 212b(c)(1).**[2]

23 22 C.F.R. § 51.60 (emphasis added).

24

25
_____

26 [2] The September 2016 Rule made additional revisions to 22 C.F.R. § 51.60(a)(3) and (f)

27 which are not challenged in this action.  These revisions were made pursuant to statutory

28 authority other than the IML and do not concern Registrants specifically.

22.    Because the September 2016 Rule is a "legislative" rule, the Department was required to comply with the APA, which required the Rule to be issued in accordance with the notice and public comment procedures set forth in 5 U.S.C. § 553, unless a statutory exemption applies.

23.    The Department failed to comply with the APA when it bypassed the notice and public comment procedures required for the September 2016 Rule by incorrectly and unlawfully invoking the "good cause" exemption of 5 U.S.C. section 553(b)(3)(B).  See 81 F.R. at 60608.  The "good cause" exemption applies only "when the agency for good cause finds . . . that notice and public procedure thereon are impracticable, unnecessary, or contrary to the public interest."  5 U.S.C. § 553(b)(3)(B).  Critically, this exemption mandates that an agency, when relying upon the "good cause" exemption, must "incorporate[] the finding [of good cause] and a brief statement of reasons therefor in the rules issued[.]" *Id.*  The Department failed to satisfy this requirement when it issued the September 2016 Rule because the Department did not offer a "statement of the reasons" for invoking the "good cause" exemption.  Instead, the Department offered only the following unreasoned and unsubstantiated assertion:

>    Because this rulemaking implements the Congressional mandates within the . . . IML, the Department is publishing this rulemaking without notice and comment under the "good cause" exemption of 5 U.S.C. 553(b). The Department believes that public comment on this rulemaking would be unnecessary, impractical, and contrary to the public interest.

81 F.R. 60608.

24.    On September 9, 2016, and pursuant to 5 U.S.C. § 553(e), counsel for Plaintiff ACSOL submitted to the Department a Petition for Modification to the September 2016 Rule, which contested the Department's reliance upon the "good cause" exemption, as well as the Department's failure to include the required "statement of reasons" justifying that exemption.

25.     The Department responded to Plaintiff ACSOL's Petition on October 14, 2016 with a circular justification for the "good cause" exception that again failed to meet the requirements for that exemption. The Department merely stated that:

> The Department is obligated to implement U.S. law as passed by Congress and signed by the President, which includes the IML. As the rulemaking implements that law, comment by the public was unnecessary and the department published the rulemaking without notice and comment under the "good cause" exemption of 5 USC 553(b).[3]

**The September 2016 Rule Contains Critical Errors and Omissions**

26.     The September 2016 Rule is incomplete in that it fails to address essential topics, including topics addressed in the Department's August 26, 2016 Report to Congress. In addition, the September 2016 Rule exceeds the Department's authority under Section 8 of the IML for several reasons. For example:

a.     The September 2016 Rule improperly denies passport cards to all Registrants. See 22 C.F.R. § 51.60(g). The IML does not authorize the Department to do this, and instead requires that passport cards bear the Identifier required by the IML's Passport Identifier Provision.

b.     The September 2016 rule neither addresses nor prescribes procedures by which an existing passport that is revoked pursuant to the Rule will be timely replaced by a compliant passport. Registrants who are traveling, as well as Registrants who reside in foreign countries, are thus subject to immediate revocation of their passports without notice, and without any prescribed means for obtaining a replacement passport.

c.     The September 2016 rule does not address critical issues such as the form, content, and placement of the Identifier within a passport book or on a passport

---

[3] Letter from Michele Thoren Bond, U.S. Department of State, to counsel for Plaintiff dated October 14, 2016.

card, despite the fact that the Department's August 26, 2016 Report acknowledged the need for such rulemaking.

**The Department Improperly Issued a Second Rule on October 30, 2017 in a Press Release, Without Notice to the Public**

27.     The Department's next action concerning the Passport Identifier Provision took place on October 30, 2017 when the Department issued a press release entitled "Passports and International Megan's Law."  The Press Release is attached hereto as Exhibit A, and is referred to herein as the "October 2017 Press Release."  The October 2017 Press Release is the second of two rules challenged in this action.

28.     The October 2017 Press Release provided information concerning the form, content, and placement of the Identifier, as well as Registrants' entitlement to passport cards, as follows:

> The identifier is a passport endorsement, currently printed inside the back cover of the passport book, which reads: "The bearer was convicted of a sex offense against a minor, and is a covered sex offender pursuant to 22 United States Code Section 212b(c)(l)."  Since endorsements cannot be printed on passport cards, covered sex offenders cannot be issued passport cards.

Exh. A.

29.     The Department subsequently posted the content of the October 2017 Press Release on its website in a "Newsroom" entry dated December 15, 2017.  In this entry, the Department also stated that "[t]he passport identifier provision of International Megan's Law to Prevent Child Exploitation and Other Sexual Crimes Through Advanced Notification of Traveling Sex Offenders (IML) (Public Law 114-119) went into effect on October 31, 2017."[4]

---

[4] https://travel.state.gov/content/travel/en/News/passports/passports-and-international-megans-law.html

30.     The actions of the Department reported in the October 2017 Press Release constitute "rule making" under the APA because they formulate a rule, and/or amend the Department's previously issued September 2016 Rule.  5 U.S.C. § 551(5).  The Department's October 2017 Press Release therefore constitutes a "rule" within the meaning of the APA for which general notice is required.  *Id*. § 551(4).  Furthermore, the Department's October 2017 Press Release specifically constitutes a "legislative" rule for which the notice and public comment procedures of 5 U.S.C. § 553 are required because it amends and supplements a final rule, and/or is an action by which rights or obligations have been determined or from which legal conclusions flow.

31.     The Department failed to publish general notice of its proposed rulemaking in connection with the October 2017 Press Release in the Federal Register, as required by the APA.  The Department also failed to follow the notice and public comment procedures required of legislative rules under Section 553 of the APA in connection with the October 2017 Press Release.

## FIRST CLAIM

## (Violation of APA for Issuance of Legislative Rules Without Notice and Comment – 5 U.S.C. §§ 553, 706(2)(A), (D))

32.     Plaintiffs re-allege paragraphs 1 through 31 of this Complaint as though fully set forth herein.

33.     Both the Department's September 2016 Rule and October 2017 Press Release constitute final agency action because each marks the consummation of the Department's decision-making process, and constitutes action by which rights or obligations have been determined, or from which legal consequences will flow.

34.     The Department's September 2016 Rule is a legislative rule for which notice and public comment procedures are required by 5 U.S.C. § 553.

35.     The Department has failed to establish that the September 2016 Rule satisfies the "good cause" exemption from the APA's notice and comment procedures

pursuant to 5 U.S.C. § 553(b)(3)(B).  In addition, as a matter of law, the September 2016 Rule does not, in fact, satisfy the "good cause" exemption of 5 U.S.C. § 553(b)(3)(B).

36.     Separately, as a matter of law, the September 2016 Rule cannot satisfy the "good cause" exemption from the APA's notice and comment procedures pursuant to 5 U.S.C. § 553(b)(3)(B) because the Department failed to "incorporate[] the finding [of good cause] and a brief statement of reasons therefor in the rules issued."

37.     The Department's October 2017 Press Release is a legislative rule within the meaning of the APA for which notice and public comment are required by the APA.  The Department failed to follow the procedural requirements of the APA for issuance of this rule.

38.     Plaintiff ACSOL and its membership, including Plaintiffs John Doe #1 and John Doe #2, are adversely affected and aggrieved by the Department's September 2016 Rule and October 2017 Press Release.  Plaintiff ACSOL and its membership, as well as Plaintiffs John Doe #1, John Doe #2, and other members of the public, were not afforded an opportunity to comment on critical features of the Department's implementation of the IML's Passport Identifier Provision due to the Department's failure to satisfy the procedural requirements of the APA, including 5 U.S.C. § 553.

39.     Therefore, both the Department's September 2016 Rule and October 2017 Press Release were promulgated "without observance of procedure required by law," and are "otherwise not in accordance with law," in violation of 5 U.S.C. § 706(2)(A), (D).

## SECOND CLAIM

### (Violation of APA for Issuance of Rules In Excess of Authority –
### 5 U.S.C. § 706(2)(A), (C))

40.     Plaintiffs re-allege paragraphs 1 through 39 of this Complaint as though fully set forth herein.

///

///

41.     The Department's September 2016 Rule states that "[t]he Department shall not issue a passport card to an applicant who is a covered sex offender as defined in 22 U.S.C. 212b(c)(1)."  81 F.R. 60608, *amending* 22 C.F.R. § 51.60(g).

42.     However, the IML, 22 U.S.C. § 212b(b)(1), (c)(3), does not authorize the Department to deny passport cards to Registrants.  The IML merely provides that passport cards must be issued to Registrants with a "unique identifier."   Accordingly, the Department lacks the statutory authority to deny passport cards to Registrants.  5 U.S.C. § 706(2)(C).  In addition, the denial of passport cards to Registrants in the September 2016 Rule constitutes an abuse of discretion, and is otherwise not in accordance with law.  5 U.S.C. § 706(2)(A).

## **THIRD CLAIM**

## **(Declaratory Relief – 28 U.S.C. § 2201, *et seq.*)**

43.     Plaintiffs re-allege paragraphs 1 through 42 of this Complaint as though fully set forth herein.

44.     An actual controversy exists between Plaintiffs and Defendants regarding the Department's compliance with the Administrative Procedures Act in connection with the September 2016 Rule, the October 2017 Press Release, and 22 C.F.R. § 51.60(g).

45.     Plaintiffs are entitled to a declaration of rights with regard to the Administrative Procedures Act and Defendants' compliance therewith.

## **PRAYER FOR RELIEF**

Based on the foregoing claims, Plaintiffs pray that this Court:

a.     Declares the September 2016 Rule to be unlawful;

b.     Declares the October 2017 Press Release to be unlawful;

c.     Declares 22 C.F.R. § 51.60(g) to be unlawful;

d.     Vacates and sets aside the September 2016 Rule;

e.     Vacates and sets aside the October 2017 Press Release;

f.     Vacates and sets aside 22 C.F.R. § 51.60(g);

g.    Declares that any action taken by Defendants pursuant to either the September 2016 Rule or the October 2017 Press Release is unlawful;

h.    Enjoins Defendants and their officers, employees, and agents from implementing, applying, or taking any action whatsoever pursuant to the September 2016 Rule, the October 2017 Press Release, or 22 U.S.C. § 212b;

i.    Issues all process necessary and appropriate to postpone the effective date of the September 2016 Rule or the October 2017 Press Release, and to maintain the status quo pending the conclusion of this case;

j.    Awards Plaintiffs their costs of suit and reasonable attorneys' fees, as appropriate; and

k.    Grants such further relief as the Court deems just and proper.

Dated: January 11, 2018                    LAW OFFICE OF JANICE M. BELLUCCI

By:   _/s/ Janice M. Bellucci_
Janice M. Bellucci
Attorney for Plaintiffs

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF